**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| S. Seanah Dixon, | Case No. 2:22-cv-220-ART-BNW |
| Plaintiff, | **Report and Recommendation** |
| v. | |
| Isandro Baca, et al., | |
| Defendant. | |

Before the Court is Plaintiff Seanah Dixon's "Notice of Breach," which the Court construes as a Motion to Enforce the agreement according to Plaintiff's interpretation. ECF No. 19. NDOC Defendants responded, and also seek to enforce the agreement according to their interpretation. ECF No. 20. No reply was filed.

**I.    Background**

The parties are familiar with the allegations in this case of this case, which are also summarized in the Court's screening order at ECF No.5. This Court ordered an Inmate Early Mediation ("ENE") for December 30, 2022. ECF No. 15.

The mediation took place as scheduled. ECF No. 18. The parties reached an agreement, which was reduced to writing, and is attached as ECF No. 20-1. The issue before the Court is whether the agreement requires that NDOC Defendants facilitate a meeting between Plaintiff, SDAG Rand and a Warden *at Plaintiff's institution*. According to the agreement, the parties agreed that Plaintiff would meet in person with "SDAG Douglas Rands and Warden Gabriela Najera *or* another Warden at Plaintiff's institution to discuss issues relating to her treatment under incarceration." ECF No. 20-1 (emphasis added). The parties signed the agreement on that same day. *Id*.

Plaintiff explains that when she received a letter in the mail letting her know that a meeting would be set with SDAG Rand and Warden Najera she immediately wrote defense counsel stating she was supposed to be meeting with a Warden at her facility—not Warden

Najera. ECF No. 19-3. Plaintiff explains she was compelled to attend that meeting despite her objections. Given she never met with a Warden of the facility where she is currently incarcerated, she asks this Court to order NDOC to allow for such a meeting or to return the case to the litigation track.

Defendants point to the written agreement and argue Plaintiff agreed to meet with "Warden Najera *or* another Warden at Plaintiff's institution." They explain that SDAG Rands travelled to Las Vegas and met with Warden Najera but that Plaintiff refused to attend the meeting. They also argue that Plaintiff's letter did not have the effect of modifying the written agreement signed by the parties on December 30, 2022.

### A. Legal Standard

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final. *Id*. "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012).

### B. Analysis

Here, the written agreement clearly states that Defendants would facilitate a meeting with *either* a Warden at Plaintiff's institution *or* Warden Najera. ECF No. 20-1. Plaintiff signed that agreement. *Id*. Nothing in the record suggests there was not a meeting of the minds as to the material terms of the written agreement.[1] The fact that Plaintiff wrote a letter requesting to meet a Warden at her institution *after* she signed the agreement referenced above does not have any

---

[1] Indeed, it is not clear how Defendants "breached" any aspect of the agreement by attempting to facilitate a meeting with SDAG Rand and Warden Najera. There is some dispute as to whether Plaintiff met with them or not, but there is no question that Defendants were ready to satisfy their portion of the agreement.

effect on the previous agreement Plaintiff signed. Although parties may *mutually* consent to modify a former contract, the record does not establish Defendants agreed to any such modification. *Holland v. Crummer Corp.*, 78 Nev. 1, 7, 368 P.2d 63, 66 (1962). As such, the agreement will be enforced and the case need not be returned to the litigation track.[2]

## IV. Conclusion

**IT IS RECOMMENDED** that Plaintiff's Motion at ECF No. 19 be **GRANTED in part and DENIED in part** consistent with this recommendation.

## V. Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within **14 days** of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 24, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] The agreement itself states that the parties have already signed a stipulation to dismiss the case contingent on the fulfillment of material terms. Should Defendants take the position they have already fulfilled the agreement they should file the stipulation for dismissal.