UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| S. SEANAH DIXON,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ISANDRO BACA, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-00220-ART-BNW<br><br>ORDER |

　　　　Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Brenda Weksler (ECF No. 22), construing Plaintiff's "Notice of Breach" as a Motion to Enforce the agreement according to Plaintiff's interpretation. (ECF No. 19.) Judge Weksler recommends that Plaintiff's Motion (ECF No. 19) be granted in part and denied in part consistent with her recommendation. No objection has been filed. The Court adopts the R&R.

　　　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

This Court ordered an Inmate Early Mediation ("ENE") for December 30, 2022. (ECF No. 15.) The mediation took place as scheduled. (ECF No. 18.) The parties reached an agreement, which was reduced to writing, and is attached as ECF No. 20-1. The issue before the Court is whether the agreement requires that NDOC Defendants facilitate a meeting between Plaintiff, SDAG Rand and a Warden at Plaintiff's institution. According to the agreement, the parties agreed that Plaintiff would meet in person with "SDAG Douglas Rands and Warden Gabriela Najera or another Warden at Plaintiff's institution to discuss issues relating to her treatment under incarceration." (ECF No. 20-1.) The parties signed the agreement on that same day. (*Id.*)

Plaintiff explains that when she received a letter in the mail letting her know that a meeting would be set with SDAG Rand and Warden Najera she immediately wrote defense counsel stating she was supposed to be meeting with a Warden at her facility—not Warden Najera. (ECF No. 19-3.) Plaintiff explains she was compelled to attend that meeting despite her objections. Given she never met with a Warden of the facility where she is currently incarcerated, she asks this Court to order NDOC to allow for such a meeting or to return the case to the litigation track.

Defendants point to the written agreement and argue Plaintiff agreed to meet with "Warden Najera or another Warden at Plaintiff's institution." They explain that SDAG Rands travelled to Las Vegas and met with Warden Najera but that Plaintiff refused to attend the meeting. They also argue that Plaintiff's letter did not have the effect of modifying the written agreement signed by the parties on December 30, 2022.

As Judge Weksler explained, federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Here, the written agreement clearly states that Defendants would facilitate a meeting with either a Warden at

Plaintiff's institution or Warden Najera. ECF No. 20-1. Plaintiff signed that agreement. *Id.* Nothing in the record suggests there was not a meeting of the minds as to the material terms of the written agreement. The fact that Plaintiff wrote a letter requesting to meet a Warden at her institution after she signed the agreement referenced above does not have any effect on the previous agreement Plaintiff signed. As such, Judge Weksler recommended that the agreement be enforced, and the case not returned to the litigation track.

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied Magistrate Judge Weksler did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Weksler's Report and Recommendation (ECF No. 22) is accepted and adopted in full.

IT IS FURTHER ORDERED that Plaintiff's Motion (ECF No. 19) is GRANTED in part and DENIED in part consistent with Judge Weksler's R&R and this Order.

DATED THIS 23rd Day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE